AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
NOV 2 2 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.
Google, Inc., 1600 Amphitheatre Parkway )
Mountain View, CA 94043 for email address )    13MJ4287
yonnafigueroa98@gmail.com )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Northern___ District of ___California___ *(identify the person or describe property to be searched and give its location):* See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___18___ U.S.C. § ___1591___, and the application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Carlos Delgado, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/22/2013

_____
*Judge's signature*

City and state: San Diego, California    Honorable David H. Bartick, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Special Agent Carlos Delgado, upon being duly sworn do hereby state that the following is true to my knowledge and belief:

1. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since October, 2007. Prior to employment with HSI, I was an Immigration Enforcement Agent with Enforcement and Removal Operations (Formerly known as Deportation and Removal Operations) stationed in San Diego, California. I am currently assigned to the Human Trafficking Unit, San Diego, California. I have experience and have received training in the areas of alien smuggling, human trafficking, money laundering, and narcotics interdiction. I also have experience and participated in obtaining and executing arrest and search warrants. As part of my current duties, I investigate criminal violations relating to human trafficking, forced labor, and other criminal violations including 18 U.S.C. §1591 (a) and (b), sex trafficking of a minor.

2. This affidavit is offered in support of an application by the United States of America for a search warrant for Google, Inc. I seek authority to search Google, Inc. located as described in Attachment "A", for the following email accounts as described in Attachment "B", paragraph II:

**yonnafigueroa98@gmail.com**

June 1, 2012 to the present ("**Target Email**"), for items which constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, Title 18, United States Code, Sections 1591(a) and (b).

3. This affidavit is based upon information I have gained through training and experience, as well as upon information

related to me by other individuals, including law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence relating to violations of Title 18, United States Code §§ 1591 (a) and (b), described in Attachment B, is located at the address described in Attachment A.

4. Based upon the following information, I believe there is probable cause to believe that currently located within the above-described location (See Attachment "A") there is evidence, fruits and instrumentalities of sex trafficking and enticement, in violation of Title 18 U.S.C. §§ 1591 (a) and (b) and 2423(a), more particularly described in Attachment B.

**STATEMENT OF PROBABLE CAUSE**

5. On July 18, 2013, detectives and officers with the El Cajon Police Department were conducting an undercover operation investigating prostitution in an area known for prostitution activity, East Main Street. At approximately 8 p.m., law enforcement observed a female subject (later identified as "Minor Female") walking along East Main Street and looking at cars, as if to get their attention. As the Minor Female walked along the street, law enforcement observed a male across the street watching the Minor Female. That male, later identified as Darius Johnson, appeared to parallel track the Minor Female as she walked. One officer observed the Minor Female and Johnson look at one another and gesture as though they were communicating.

6. As the Minor Female and Johnson walked on opposite sides of the street, an officer observed Johnson holding a cellular telephone. The officer observed Johnson appear to

operate the cellular telephone while walking, and appeared to be operating the phone like he was sending text messages.

7. Officers soon observed a vehicle stop and contact the Minor Female. Minor Female was then observed getting into the car, which then traveled to Benedict Street. The car remained stationary on a curb on Benedict Street for approximately 15 minutes. The car then traveled back to East Main Street and law enforcement observed the Minor Female exit the car and enter a Jack in the Box. Law enforcement stopped the car and learned from the male driver that he had purchased sex acts from the Minor Female for $60 and that he had paid her with three $20 dollar bills. The male driver admitted that the Minor Female appeared young (approximately 20 years of age), but stated that he had not asked about her age.

8. After entering the Jack in the Box, the Minor Female was observed meeting with Johnson, who had arrived prior to the Minor Female. The Minor Female walked with Johnson toward a restroom when officers observed money fall to the ground between them. The officer did not see the Minor Female hand any money to Johnson. The officer, did observe Johnson pick up the currency and purchase food. They both then exited Jack in the Box and walked along East Main Street again, together. After approximately 1.5 blocks, the Minor Female and Johnson separated, with Johnson continuing on the road and the Minor Female crossing the street and then paralleling Johnson as he walked.

9. An undercover officer in his undercover vehicle approached the Minor Female. The undercover officer pulled toward the curb and the Minor Female walked over to the passenger side window. The Minor Female stated "hi, my name is Honey. Are you the police?" The undercover officer responded "no." The Minor Female responded "me either. I only do sex for $70." The undercover officer stated "ok," and the Minor Female opened the passenger side of the car and got in. The undercover officer

then drove them to a local gas station under the guise of purchasing condoms.

10. Two detectives with the El Cajon Police Department then conducted a stop of the undercover officer and Minor Female. The Minor Female admitted that she was 15 years old and provided her true identity. The officer observed a tattoo on her chest that read "100% Darius." Later at the El Cajon Police Department, the Minor Female's identity and age were confirmed by family members. The Minor Female stated that she knew Johnson only as "Darius," that he was simply a good friend, that he was not her pimp, and that Johnson simply watched over her as she prostituted. In jail calls with Johnson after Johnson's arrest, the Minor Female continued to tell him that she said that he was only a friend, and that he was not her pimp. She told law enforcement that she had known Darius for approximately 1 year.

11. While the undercover operation was continuing with the Minor Female, other detectives simultaneously continued to investigate Johnson. After confirming with the driver of the first car that the Minor Female had engaged in sexual activity with the driver, a detective stopped Johnson for questioning. Based on his training and experience and understanding of prostitution activities on East Main Street, and having observed the actions of the Minor Female and Johnson, the detective had reasonable suspicion that Johnson was somehow involved in the Minor Female's prostitution activity. The detective asked for Johnson's biographical information and learned that he was a parolee-at-large from Arkansas with a bench warrant authorizing his arrest. After confirming the warrant, Johnson was arrested, he was pat down and the cellular telephone seized from his person, and Johnson was transported to the El Cajon Police Department.

12. Post-arrest, Johnson stated that the Minor Female was his girlfriend and that he believed her to be 17 years of age.

He denied acting as her pimp, but admitted to teaching the Minor Female "how to engage" in sexual activity. He stated that the cellular telephone was not his, but that it belonged to the Minor Female.

13. Johnson told officers that his cellular telephone number was 619-244-1088. An internet search on backpage.com for the number included a posting in the Escorts section on July 16, 2013, for a female identified as "Honey." The ad was titled ":::Exotic Puerto Rican::::;) Extremely Addictive ::;);) - 19," and contained the text "Very Discreet, very open minded, sweet, sensual, and seductive, kinky, exotic, and eager. To please Let me cater to you available now.  No Explicit content No blocked callers Serious Gentalmen Only. No Games will be tolerated. Incalls specials 60/15 Minutes 120/30 Minutes Honey 6192441088." A photograph of "Honey" was on the posting, which matches the appearance of the Minor Female. The picture depicts the Minor Female sitting sideways on a countertop facing and taking the picture from the mirror reflection. A person's foot wearing a shoe that matches the color and description of the shoes that Johnson was wearing the day of the arrest can be seen in the background of the photo.

14. That July 16, 2013 www.backpage.com posting shows five additional postings that are related to the user posting with phone number 619-244-1088. These five postings list the phone number 619-727-3604 to be associated with the same user. During the interview conducted by the El Cajon Police Department, Johnson stated that the Minor Female's previous phone number was either "727-6304 or 6394." The caption (without special characters) of the additional five postings is as follows: 1. "Time spent with me can be addictive. $80 Specials - 19." 2. "Your Late Night Freak $70/200 Specials - 19." 3. "Let me cater to you. Exotic Puerto Rican $100 Special - 19." 4. "YOUR LATE

NIGHT SPECIAL $100 SPECIALS - 19." 5. "What's Your Fantasy $100 Specials - 19."

15. On July 31, 2013, HSI served an administrative subpoena to the Custodian of Records at Backpage.com for information relating to the aforementioned prostitution ad postings related to telephone numbers (619) 244-1088 and (619) 727-3604 and credit card number: xxx xxxx xxxx 2864. This credit card was found in JOHNSON's possession at the time of arrest. The information returned by Backpage.com revealed that the prostitution advertisement featuring Minor Female was posted on the adult section of Backpage.com. The email address associated with the advertisements is **yonnafigueroa98@gmail.com** (**Target Email**). The Target Email was used on every Backpage posting as an additional means of communication. Each posting has a "Reply: click here" link and it is an option that allows the viewer to communicate with the person managing the posting. Minor Female was posted on backpage.com eight (8) times from June 12, 2013 through July 16, 2013. Each of the prostitution ads described her as "Honey," 19 years of age, and two of the eight postings contain a photo of Minor Female. All the postings contain the email yonnafigueroa98@gmail.com and the name "jadarius johnson" as the customer contact information.

**PRIOR ATTEMPTS TO OBTAIN DATA**

16. The United States has not attempted to obtain this data by other means.

**GENUINE RISKS OF DESTRUCTION**

17. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, electronically stored data can be permanently deleted or modified by users possessing basic computer skills. In this case, only if the subject receives advance warning of the

execution of this warrant, will there be a genuine risk of destruction of evidence.

**INTERNET SERVICE PROVIDER (ISP)**

18. Google, Inc. is an Internet company, which, among other things, provides electronic communication services to its subscribers as Google. Google electronic mail service allows Google subscribers to communicate with other electronic mail subscribers through the Internet. ISP subscribers access Google's services through the Internet.

19. Subscribers to Google use screen names during communications with others. The screen names may or may not identify the real name of the person using a particular screen name. Although Google requires users to subscribe for a free Google account, Google does not verify the information provided by the subscriber for its free services.

20. At the creation of a Google account and for each subsequent access to the account, Google logs the Internet Protocol ("IP") address of the computer accessing the account. An IP address is a unique address through which a computer connects to the Internet. IP addresses are leased to businesses and individuals by Internet Service Providers. Obtaining the IP addresses that have accessed a particular Google account often identifies the Internet Service Provider that owns and has leased that address to its customer. Subscriber information for that customer then can be obtained using appropriate legal process.

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION**

21. Federal agents and investigative support personnel are trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Google are not. It would be inappropriate and impractical for federal agents to search the vast computer network of Google for the relevant accounts and then to analyze the contents of those accounts on

the premises of Google. The impact on Google's business would be severe.

22. Therefore, I request authority to seize all content, including electronic mail and attachments, stored instant messages, stored voice messages, photographs and any other content from the Google accounts, as described in Attachment B. In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Google, to protect the rights of the subject of the investigation and to effectively pursue this investigation, authority is sought to allow Google to make a digital copy of the entire contents of the accounts subject to seizure. That copy will be provided to me or to any authorized federal agent. The copy will be forensically imaged and the image will then be analyzed to identify communications and other data subject to seizure pursuant to Attachment B. Relevant data will be copied to separate media. The original media will be sealed and maintained to establish authenticity, if necessary.

23. Analyzing the data to be provided by Google may require special technical skills, equipment and software. It also can be very time-consuming. Searching by keywords, for example, often yields many thousands of "hits," each of which must be reviewed in its context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Certain file formats do not lend themselves to keyword searches. Keywords search text. Many common electronic mail, database and spreadsheet applications, which files may have been attached to electronic mail, do not store data as searchable text. The data is saved in a proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases dramatically.

24. Based on the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months. Keywords need to be modified continuously based upon the results obtained. The personnel conducting the examination will complete the analysis within ninety (90) days of receipt of the data from the service provider, absent further application to this court.

25. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize all electronic mails that identify any users of the subject account(s) and any electronic mails sent or received in temporal proximity to incriminating electronic mails that provide context to the incriminating mails.

26. All forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

_____
Carlos Delgado, Special Agent, HSI

Subscribed and sworn to before me
this 22ND day of November, 2013.

_____
DAVID H. BARTICK
United States Magistrate Judge

## ATTACHMENT A

Google is an Internet service provider with its primary computer information systems and other electronic communications and storage systems, records, and data located at Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043.

# ATTACHMENT B

## I.  Service of Warrant

The officer executing the warrant shall permit Google, Inc., as custodian of the computer files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

## II.  Items subject to seizure

All subscriber and/or user information, all electronic mail, images, text messages, histories, buddy lists, profiles, method of payment, detailed billing records, access logs, transactional data and any other files associated with the following accounts and screen names from June 1, 2012 to the present:

  yonnafigueroa98@gmail.com

The search of the data supplied by Google, Inc. pursuant to this warrant will be conducted as provided in the "Procedures For Electronically Stored Information" of the incorporated affidavit submitted as an attachment to the affidavit submitted in support of this search warrant and will be limited to seizing electronic mail and attachments that are evidence of 18 U.S.C. §§1591 (a) and (b):

  a. Electronic communications and attachments advertising, offering, and/or soliciting to engage in sexual acts with another person in exchange for money or anything of value, including backpage.com or other websites used to post prostitution ads;

  b. Electronic communications and attachments to others recruiting, soliciting, obtaining them for the purpose of prostitution;

  c. Electronic communications and attachments evidencing knowledge about the age of any person offered for sexual services;

  d. Electronic mail and attachments related to the identities of any co-conspirators;

  e. Electronic mail and attachments that provide context to any electronic mail reflecting the criminal activity described in this warrant including any electronic mail sent or received in temporal proximity to any relevant electronic mail and any electronic mail that identifies any users of the subject account.